Filed 4/23/21  P. v. Lowe CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B305781 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA067322) |
| v. | |
| ASHLEY SHAWNICE LOWE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge. Reversed.

Loyola Law School Juvenile Innocence & Fair Sentencing Clinic, Christopher Hawthorne and Marisa Sacks for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Ashley Shawnice Lowe challenges the trial court's denial of his[1] petition under Penal Code[2] section 1170.95 for resentencing on his murder conviction. He argues that the trial court erred by finding that he had failed to make a prima facie case that he was entitled to relief. The Attorney General concedes Lowe is correct. We agree and reverse because the record of Lowe's conviction does not show as a matter of law that he is ineligible for relief under the statute.

## FACTUAL AND PROCEDURAL SUMMARY

In 2007, Lowe agreed to a plea bargain, under the terms of which he pleaded guilty to one count of second degree murder (§ 187, subd. (a)) and admitted an allegation that a principal was armed during the commission of the offense. (§ 12022, subd. (a)(1).) The trial court sentenced Lowe to 16 years to life in prison. Lowe was 15 years old at the time of the murder but was charged as an adult.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The legislation also enacted section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because

---

[1] Lowe was charged and sentenced as a woman but, according to his attorneys, now identifies as a man. We therefore refer to him using male pronouns.

[2] Subsequent unspecified statutory references are to the Penal Code.

of the changes in the law and resentencing those who were so convicted.  (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Lowe filed a petition for resentencing on January 4, 2019. The Los Angeles County District Attorney opposed the petition on the grounds that Senate Bill No. 1437 is unconstitutional and that Lowe was ineligible for resentencing because he was a major participant who acted with reckless indifference to human life in a felony murder.  In support of this position, the District Attorney attached a transcript of Lowe's preliminary hearing, as well as a transcript of a police interview with Lowe.

In the interview, Lowe told police that his friend Rashaad Hall gave him a ride on the back of his bike to a convenience store.  As they approached the store, Lowe and Hall saw the victims, Carlos Keith and Carlos Martinez, standing outside. One of the victims asked Lowe and Hall if they could buy marijuana from them, and Hall told them they should give him the money first.  One of the victims showed Lowe and Hall that he had money but did not give it to them.  After Lowe bought some food from the store, he saw that the victims had crossed to another corner.  Lowe suggested that they should rob the victims, and Hall agreed.  Lowe and Hall planned to lure the victims to an alley by telling them that they could buy marijuana there.  Once there, Hall would pull out his gun and rob them.  When Lowe and Hall told the victims to follow them to the location to buy the drugs, one of the victims said he needed to go get his money, and they began to walk away.  At that point, Hall fired his gun approximately five times.  The gunshots killed Keith and

wounded Martinez.[3]  Hall rode away on his bike, and Lowe fled on foot.

The trial court appointed counsel to represent Lowe. After a hearing, the trial court denied the petition on the ground that Lowe had not made a prima facie case that he was eligible for relief under section 1170.95.  The court reasoned that Lowe "has not persuaded the court that [he] could not be convicted as a direct aider and abettor . . . under the facts presented to the jury. . . . And we don't know what else the prosecution might have presented or what would be presented now if they contemplated a future trial."

## DISCUSSION

### A.    *Background on Senate Bill No. 1437*

Senate Bill No. 1437 includes both prospective and retrospective provisions.  Prospectively, the law amended section 188 to provide that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  The effect of this amendment is to "eliminate[ ] natural and probable consequences liability for first and second degree murder."  (*Gentile*, *supra*, 10 Cal.5th at p. 849.)  In addition, Senate Bill No. 1437 enacted section 189, subdivision (e), which restricted felony murder liability to cases in which the defendant was the actual killer, acted with the

---

[3] Lowe was charged with the attempted murder of Martinez, but under the plea bargain pleaded guilty only to the murder of Keith.

intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (See *Gentile*, *supra*, at pp. 842–843.)

The retroactive component of Senate Bill No. 1437 is codified in section 1170.95. (See *Gentile*, *supra*, 10 Cal.5th at p. 853 ["the Legislature intended section 1170.95 to be the exclusive avenue for retroactive relief under Senate Bill [No.] 1437"].) This section allows a defendant "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition" for resentencing under the new law. (§ 1170.95, subd. (a).) To be eligible for resentencing, a defendant must show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).)

The first step for a defendant to obtain relief under section 1170.95 is to file a declaration affirming that he is eligible for resentencing under the new law. (See § 1170.95, subd. (b)(1).) The trial court reviews the petition, and if the petition is incomplete, "the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the defendant's petition is facially sufficient, the trial court must determine whether the defendant has made a prima facie case for resentencing under section 1170.95, subdivision (c). As we described in *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598 (*Lewis*), this is a two-step process. First, the court "review[s] the petition and determine[s] if the petitioner has made a prima facie showing

5

that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) This is "a preliminary review of statutory eligibility for resentencing," akin to an initial review of a petition for resentencing under Propositions 36 and 47. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted Mar. 18, 2020, S260493 (*Verdugo*).) "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*) In making this decision, the trial court may consider the record of conviction, including any prior appellate opinions in the case. (*Lewis*, *supra*, at pp. 1137–1138; *Verdugo*, *supra*, at pp. 329–330.)

If the trial court does not deny the petition at this point, "the court shall appoint counsel to represent the petitioner" (§ 1170.95, subd. (c)) for the second stage of prima facie review. The prosecutor then files a response, and the petitioner may file a reply. The review at this stage "is equivalent to the familiar decision[-]making process before issuance of an order to show cause in habeas corpus proceedings, which typically follows an informal response to the habeas corpus petition by the Attorney General and a reply to the informal response by the petitioner." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 328, review granted.) Under this standard, "[i]f the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

If the court issues an order to show cause, it must hold a hearing within 60 days to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d)(1).) At this third and final stage of the proceeding, the prosecution has the burden

of proving "beyond a reasonable doubt[ ] that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

### B. *The Trial Court Erred by Finding that Lowe Failed to Make a Prima Facie Case*

Lowe contends that the trial court applied an incorrect standard in finding that he failed to make a prima facie case that he is entitled to relief under section 1170.95. The Attorney General agrees, as do we.

The trial court described the standard it applied in denying Lowe's petition. According to the trial court, in order to make a prima facie case, Lowe "needs to convince me that, if I granted a new trial, [the prosecution] could not convict [him] of murder" as redefined by Senate Bill No. 1437. The court denied the petition because Lowe "has not persuaded the court that [he] could not be convicted as a direct aider and abettor . . . and that [he] could not have been under the facts presented to the jury." Thus, in denying Lowe's petition, the trial court implicitly evaluated the facts in the record and placed the burden of proof on Lowe to demonstrate that he was not a direct aider and abettor of the murder. With its statement that "we don't know what else the prosecution might have presented or what would be presented now if they contemplated a future trial," the trial court implied that Lowe must disprove the existence of any other evidence that the prosecution might contemplate introducing against him.

This is not the standard we have applied at the prima facie stage. Instead, when determining whether a petitioner has made a prima facie case, the court must ordinarily " 'take[ ] petitioner's factual allegations as true.' " (*Verdugo, supra,* 44 Cal.App.5th at p. 328, review granted.) A limited exception exists, in that the

7

trial court " 'need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record "contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner." [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165–1166.)

Under this standard, a denial at the prima facie stage may be appropriate where, for example, the record shows that the defendant was not convicted of murder (see *People v. Larios* (2019) 42 Cal.App.5th 956, 968–970, review granted Feb. 26, 2020, S259983), or that the jury found the defendant was the sole perpetrator and actual killer (see *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219), or that the jury did not receive instructions on a theory of murder affected by Senate Bill No. 1437 (see *People v. Daniel* (2020) 57 Cal.App.5th 666, 677–678, review granted Feb. 24, 2021, S266336), or where a prior appellate opinion in the same case established as a matter of law that the defendant was guilty under a still-valid theory (see *Lewis*, *supra*, 43 Cal.App.5th at pp. 1138–1139, review granted).

No such circumstance applies here. Nor can we say that the error was harmless: Nothing in the record of conviction, as

that term has been construed in applying section 1170.95, shows conclusively that Lowe directly aided and abetted the murder, or that the crime was a felony murder in which Lowe was a major participant who acted with reckless indifference to human life. Thus, we must reverse the denial of the petition and order the trial court to issue an order to show cause.

## DISPOSITION

The order denying Lowe's petition for resentencing is reversed.  Upon remand, the trial court shall issue an order to show cause and conduct a hearing in accordance with section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.